# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE BROWN, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DYNAMIC PET PRODUCTS and FRICK'S MEAT PRODUCTS, INC.,<br><br>Defendants. | CASE NO. 17-cv-0659-WQH-DHB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 10) filed by Defendants Dynamic Pet Products and Frick's Meat Products, Inc.

**I. Background**

On March 31, 2017, Plaintiff Stephanie Brown commenced this action on behalf of herself and others similarly situated by filing the Class Action Complaint in this Court. (ECF No. 1). On May 25, 2017, Defendants Dynamic Pet Products ("Dynamic") and Frick's Meat Products, Inc. ("Frick's") filed the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10). On June 19, 2017, Brown filed a Response to the Motion to Dismiss. (ECF No. 11). On June 26, 2017, Defendants filed a Reply to Brown's Response. (ECF No. 12).

## II. Allegations of the Complaint

> This is a consumer protection class action arising out of misrepresentations and omissions made by Defendants Dynamic Pet Products, LLC and Frick's Meat Products, Inc. regarding the Real Ham Bone For Dogs. Frick's is a meat product manufacturer. In an effort to profit from the waste produced by slaughterhouses and meat manufacturers, Frick's or its principals created Dynamic to sell waste ham bones to pet owners. Through Dynamic, a wholly owned subsidiary of Frick's, Defendants manufacture, market, and sell the Real Ham Bone For Dogs as an appropriate and safe chew toy for dogs. Indeed, on each product label and as the name suggests, Defendants explicitly market the Dynamic Real Ham Bone For Dogs as a chew toy for dogs.

(ECF No. 1 at ¶ 1) (emphasis omitted).

> Dynamic and Frick's are the alter egos of one another and operate as a single business enterprise for the production, marketing, and sale of the Real Ham Bone For Dogs. Dynamic and Frick's share the same ownership, management and headquarters. . . . Frick's and Dynamic work in concert with each other to profit off the sale of waste ham bones, marketing them to pet owners as safe and appropriate chew toys for dogs, when they are not.

*Id.* at ¶ 13.

> On each label, Defendants state that the Real Ham Bone For Dogs is "meant to be chewed" and is "for dogs." In reality, the Real Ham Bone For Dogs is not appropriate for dogs and is not safe for its intended purpose, despite Defendants' contrary representations. When chewed, the Real Ham Bone For Dogs is prone to splintering into shards and braking into small pieces. When swallowed, these shards slice through dogs' digestive systems and cause severe internal injuries. Thousands of dogs have suffered a terrible array of illnesses, including stomach, intestinal and rectal bleeding, vomiting, diarrhea, constipation, and seizures, and have died gruesome, bloody deaths as a result of chewing Defendants' Real Ham Bone For Dogs.

*Id.* at ¶ 15.

> Despite having knowledge that [the] Real Ham Bones For Dogs is inherently dangerous for dogs, Defendants represent the opposite. Defendants advertised the Real Ham Bone For Dogs as a safe product for dogs and failed to warn consumers that the Real Ham Bone For Dogs may cause serious bodily harm or death to their dogs.
> None of the instructions on the product's packaging or in other

> marketing informed Plaintiff or other consumers that allowing dogs to chew on the Real Ham Bone For Dogs as instructed on the labeling would pose a significant risk of serious illness or death. Nowhere do Defendants state the truth—that the Real Ham Bone For Dogs is a dangerous product that should not be given to dogs.

*Id.* at ¶ 25-26.

"On or about December 24, 2014, Plaintiff Brown purchased the Dynamic Real Ham Bones For Dogs from Walmart in Washington, Missouri." *Id.* at ¶ 17. "She purchased two of the bones, one for each of her dogs . . . ." *Id.*

> On Christmas Day, Ms. Brown gave a Real Ham Bone For Dogs to each of her pit bulls: one to Harley and one to Kya. Plaintiff watched her dogs chew on the Real Ham Bone For Dogs for approximately an hour after which she took the bones away because she noticed they were starting to splinter. That evening, both of her dogs became ill. They were vomiting, had blood in their mouths and in the vomit, and in Harley's vomit, she also saw bone shards. Plaintiff Brown called her veterinarian who recommended she bring the dogs in immediately, which she did. A veterinarian treated both dogs on an emergency basis, and fortunately both dogs survived and recovered. Had Plaintiff known the truth about the Real Ham Bone For Dogs, Plaintiff would not have purchased the product and would not have given it to her dogs.

*Id.* at ¶ 18.

The Complaint defines the proposed class as "[a]ll persons who purchased one or more Real Ham Bone For Dogs other than for purpose of resale." *Id.* at ¶ 29. Complaint asserts the following claims for relief: (1) violation of the Missouri Merchandising Practice Act; (2) fraud; and (3) negligent misrepresentation.

### III. Request for Judicial Notice

Defendants request judicial notice of the product label for the Real Ham Bone For Dogs as a document whose contents are discussed in the complaint. (ECF No. 10-3). The docket reflects that Brown has not responded to Defendants' request for judicial notice.

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within

the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 210(b). In ruling on a motion to dismiss, a court may consider "materials incorporated into the complaint by reference. . . ." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). Courts may take judicial notice of documents discussed in but not attached to a complaint when the documents' authenticity is not subject to dispute. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160-61 (9th Cir. 2012).

The Real Ham Bone For Dogs label is discussed in the Complaint. Brown's claims are based on representations made on the label and communications omitted from the label. Brown does not dispute the authenticity of the Real Ham Bone For Dogs label. Defendants' request for judicial notice is granted. The Court takes judicial notice of the Real Ham Bone For Dogs label for the purposes of this motion to dismiss:

[Image of Real Ham Bone For Dogs label: Dynamic Pet Products, Hickory Smoked Real Ham Bone For Dogs, 100% Food Grade Ingredients, Made in USA. "Supervise your pet while enjoying any natural bone product. Bone is to be chewed over several sittings, not eaten. Always provide a fresh supply of water to pet. Not recommended for dogs with digestive problems or aggressive chewers. Remove bone immediately if splintering occurs or small fragments break off. Recommended size is slightly larger than your pets mouth. Pet owner assumes liability associated with the use of this or any natural bone product. Dynamic Pet Products, Inc. • Washington, MO 63090 • www.dynamicpet.net" UPC: 0 49521 51001 8]

**IV. Motion to Dismiss**

**A. 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

Claims sounding in fraud or mistake must additionally comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." Federal Rule of Civil Procedure 9(b) "requires . . . an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (quotation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations and quotations omitted).

In a suit involving multiple defendants, "there is no absolute requirement that . . . the complaint must identify *false statements* made by each and every defendant." *Swartz*, 476 F.3d at 764 (emphasis in original). "On the other hand, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* at 764-65 (alterations, citations, internal quotations omitted). "[A] plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Id.* at 765 (alterations, citations, internal quotations omitted).

### B. Fraud and Negligent Misrepresentation Claims

Defendants contend that Brown's fraud and negligent misrepresentation claims must be dismissed because Brown has failed to comply with Rule 9(b). (ECF No. 10-1 at 7). Defendants contend that Brown fails to "specify which Defendant made any alleged misrepresentations" and "does not allege that Frick's has made any misrepresentation at all." *Id.*[1] Brown contends that she has adequately alleged the role of each defendant in the fraudulent scheme and does not need to identify false statements made by each defendant. (ECF No. 11 at 6). Brown contends that Frick's may be liable for Dynamic's misrepresentations under an alter ego theory. *Id.*

The Complaint alleges that Dynamic and Frick's worked in concert as parent

---

[1] Defendants made similar contentions in their Motion to Dismiss *Reed v. Dynamic Pet Products, et al*, No. 3:15-cv-00987-WQH-DHB (S.D. Cal.), which this Court denied.

1  subsidiary entities in the marketing and selling of the Real Ham Bone For Dogs. (ECF
2  No. 1 at 13). Brown has adequately "identif[ied] the role of each defendant in the
3  alleged fraudulent scheme[,]" *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007),
4  and the Court is able to draw the reasonable inference that "Defendants" means
5  Defendants Dynamic and Frick's working in concert. The Court concludes that the
6  allegations of each defendant's involvement are "specific enough to give defendants
7  notice of the particular misconduct which is alleged to constitute the fraud charged so
8  that they can defend against the charge and not just deny that they have done anything
9  wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

Defendants also contend that Brown's claims for fraud and negligent misrepresentation "must be dismissed because the alleged misrepresentations were not likely to have deceived a reasonable consumer." (ECF No. 10-1 at 6). Defendants contend that "no reasonable consumer could have been deceived by the label on the Real Ham Bone For Dogs." *Id.*[2]

Brown alleges that the Real Ham Bone For Dogs "is not appropriate for dogs and is not safe for its intended purpose." (ECF No. 1 at 15). The label advertises the Real Ham Bone For Dogs as "Real Ham Bone *For Dogs.*" *Id.* at 1 (emphasis in original). The label also contains the following language: "Bone is to be chewed over several sittings, not eaten . . . . Not recommended for dogs with digestive problems or aggressive chewers. Remove bone immediately if splintering occurs or small fragments break off." (ECF No. 10-2 at 5). Accepting as true the allegation that the Real Ham Bone For Dogs is "not appropriate for dogs," (ECF No. 1 at 15), the Court cannot conclude that "no reasonable consumer could have been deceived by the label on the Real Ham Bone For Dogs," (ECF No. 10-1 at 6). Consequently, Brown has stated a plausible claim for relief.

**C. Missouri Merchandising Practices Act ("MMPA") Claim**

---

[2] Defendants made similar contentions in their Motion to Dismiss *Reed v. Dynamic Pet Products, et al*, No. 3:15-cv-00987-WQH-DHB (S.D. Cal.), which this Court denied.

1    "To prevail on a claim under the MMPA, a plaintiff must plead and prove he or
2 she (1) purchased merchandise (which includes services) from defendants; (2) for
3 personal, family or household purposes; and (3) suffered an ascertainable loss of money
4 or property; (4) as a result of an act declared unlawful under the [MMPA]." *Murphy
5 v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 311 (Mo. Ct. App. 2016) (citations
6 omitted). The MMPA declares unlawful "[t]he act, use or employment by any person
7 of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice
8 or the concealment, suppression, or omission of any material fact in connection with the
9 sale or advertisement of any merchandise." Mo. Rev. Stat. § 407.020(1).

10    Defendants contend that Brown's MMPA claim should be dismissed because
11 Brown "has not alleged an actual deception." (ECF No. 10-1 at 8). This contention is
12 very similar to Defendants' contention that Brown's claims for fraud and negligent
13 misrepresentation "must be dismissed because the alleged misrepresentations were not
14 likely to have deceived a reasonable consumer." (ECF No. 10-1 at 6). The Court
15 declines to dismiss Brown's MMPA claim for the same reason it declines to dismiss
16 Brown's claims for fraud and negligent misrepresentation: assuming that the Real Ham
17 Bone For Dogs is "not appropriate for dogs," (ECF No. 1 at 15), it is a question of fact
18 whether a reasonable consumer would be deceived into believing that the Real Ham
19 Bone For Dogs is appropriate for dogs after reading the label.

20    Defendants also contend that Brown's MMPA claim should be dismissed because
21 she "has pleaded no acts [showing] that she has suffered an ascertainable loss and that
22 this loss was caused by the alleged deception." (ECF No. 10-1 at 12). To bring an
23 MMPA claim, a plaintiff must allege that he or she "suffered an ascertainable loss of
24 money or property [] as a result of an act declared unlawful under the [MMPA]."
25 *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 311 (Mo. Ct. App. 2016)
26 (citations omitted). Under Missouri law, a plaintiff fulfills this requirement when he
27 or she alleges "an ascertainable loss under the benefit-of-the-bargain rule." *Plubell v.
28 Merck & Co.*, 289 S.W.3d 707, 715 (Mo. Ct. App. 2009). A plaintiff alleges an

ascertainable loss under the benefit-of-the-bargain rule when he or she alleges that the actual value of the item purchased was less than "the value of the item if it had been as represented at the time of the transaction." *Id.* ("[B]ecause Plaintiffs alleged Vioxx was worth less than the product as represented, they stated an objectively ascertainable loss under the MMPA using the benefit-of-the-bargain rule.").

Brown alleges that she purchased the Real Ham Bones For Dogs based on Defendants' misrepresentations that it was safe for dogs to chew when, in reality, it was not. (ECF No. 1 at ¶¶ 15, 18.) Accepting these facts as true, the Real Ham Bones For Dogs that Brown purchased were "worth less than the product[s] as represented"; a dog chew that is not safe for dogs to chew is worth less than the same dog chew would be if it were safe for dogs to chew. *Plubell,* 289 S.W.3d at 715. Consequently, Brown alleged an ascertainable loss.

**V. Conclusion**

IT IS HEREBY ORDERED that Defendants' motion to dismiss (ECF No. 10) is DENIED.

DATED: October 18, 2017

**WILLIAM Q. HAYES**
United States District Judge